IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRYE THURLOW,<br><br>              Plaintiff,<br><br>       v.<br><br>NATIONAL INSPECTION SERVICES,<br>LLC,<br><br>              Defendant. | 2:24-CV-01135-CCW |

## OPINION AND ORDER

Before the Court is Plaintiff Brye Thurlow's Motion for Conditional Certification and Court-Authorized Notice, seeking conditional certification of a collective pursuant to the Fair Labor Standards Act ("FLSA"), and a Motion to Amend its Answer by Defendant National Inspection Services, LLC ("NIS").[1]  ECF Nos. 26, 28.  For the reasons set forth below, Mr. Thurlow's Motion will be GRANTED, such that the Court will conditionally certify an FLSA collective action and authorize notice, and NIS's Motion will be GRANTED IN PART and DENIED IN PART.

## I.    Background

Defendant National Inspection Services, LLC specializes "in radiography examination of conventional land-laid pipelines" to "ensure that each section of pipeline is up to code."  ECF No. 1 ¶¶ 42, 43.  NIS is a limited liability company headquartered in Louisiana and registered to do business in Pennsylvania.  *Id.* ¶ 30.  That said, NIS operates nationwide.  *Id.* ¶¶ 30, 46.

---

[1] This Court has jurisdiction over this matter as the FLSA claim raises a federal question pursuant to 28 U.S.C. § 1331, and supplemental jurisdiction over the state-law claims pursuant to 28 U.S.C. § 1367.

From approximately September 2023 to June 2024, Plaintiff Brye Thurlow worked for NIS as an Assistant Radiographer. *Id.* ¶ 46. In this position, Mr. Thurlow worked alongside a licensed radiographer to "assist in performing and interpreting x-rays on welds that connected sections of gas pipeline, in order to determine whether the welds were structurally sound." *Id.* ¶ 3. During his employment, Mr. Thurlow worked mainly out of the Washington County, Pennsylvania office, although he also worked on projects in Ohio and West Virginia. *Id.* Typically, he worked 10-12 hours per day, five to six days per week. ECF No. 27, Ex. 1 ¶ 2. His base hourly rate of pay was approximately $22.00 per hour, but he was also paid a "per diem" of approximately $100-$150 per day he worked. *Id.* ¶ 4.

A second individual, Christian Ingram, has already opted into this lawsuit as an opt-in plaintiff. ECF No. 27, Ex. 2. Mr. Ingram worked for NIS as an assistant radiographer and x-ray technician from approximately September 2023 to Spring 2024. *Id.* ¶ 2. Like Mr. Thurlow, Mr. Ingram worked on projects at various locations, including Pennsylvania, West Virginia, and Ohio. *Id.* His primary job duties also involved assisting in "performing and interpreting x-rays on welds that connected sections of gas pipelines." *Id.* ¶ 3. Mr. Ingram was paid an hourly base rate of approximately $21-$22 per hour and a "per diem" of $100-$120 per day worked. *Id.* ¶ 4.

Mr. Thurlow alleges that NIS paid him, and other hourly, non-exempt employees, according to a "shift rate pay scheme." ECF No. 1 ¶¶ 55. Per this scheme, Mr. Thurlow was scheduled and paid for working a pre-set number of hours—8, 10, or 12 hours—regardless of how many hours he actually worked. *Id.* ¶¶ 54–63. He alleges that he, and other similarly situated employees, regularly worked more than the scheduled number of hours but were not compensated for the extra hours worked. *Id.* Mr. Thurlow also states that NIS paid him and other hourly, non-exempt employees according to a "per diem pay scheme" in which they received a "per diem"

payment. *Id.* ¶¶ 63–67. NIS did not, however, include this per diem payment when calculating the amount of overtime pay for Mr. Thurlow and other hourly, non-exempt workers. *Id.* On August 7, 2024, Mr. Thurlow filed a complaint against NIS, alleging that its shift rate pay scheme and per diem pay scheme for hourly, non-exempt employees violates the FLSA and state wage laws. *See generally id.*

Now, pursuant to 29 U.S.C. § 216(b), Mr. Thurlow seeks conditional certification of a nationwide putative FLSA collective defined as follows:

> All current and former hourly, non-exempt employees who NIS paid according to its shift rate pay scheme and/or per diem pay scheme at any time from August 7, 2021 through the present (the "Putative Collective Members").

ECF No. 26 at 1. Mr. Thurlow has filed a brief and exhibits in support of his Motion. *See generally* ECF No. 27. NIS has filed its opposition to the Motion. ECF No. 32. NIS also moves to amend its Answer to include a new affirmative defense regarding personal jurisdiction and to clarify an existing affirmative defense. ECF No. 28. Mr. Thurlow has filed its opposition to the Motion. ECF No. 31. Accordingly, Mr. Thurlow's Conditional Certification Motion and NIS' Motion to Amend have now been fully briefed and are ripe for resolution.

## II.    Standard of Review

Under the FLSA, an action may be brought "by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). Although conceptually similar to a class action brought pursuant to Federal Rule of Civil Procedure 23—in that it provides a mechanism for litigants to gather a number of individual claims into a single action—a collective action under § 216(b) differs from a Rule 23 class action in a number of important ways. *See Halle v. West Penn Allegheny Health Sys.*, 842 F.3d 215, 223 (3d Cir. 2016) (noting that although courts have borrowed "procedures, concepts, and nomenclature

from the Rule 23 class action context . . . there remain important differences between a Rule 23 class action and a collective action"). Thus, because no "procedural rules [have] been promulgated to guide courts and parties in processing collective actions," many courts (including our Court of Appeals) have adopted a two-step procedure for determining whether an FLSA lawsuit may proceed as a collective action. *Id.* at 223–24.

At step one—which is the current posture of this case—a named plaintiff moves for what is known as "conditional certification." *Id.* at 224. "The 'sole consequence' of conditional certification is the dissemination of court-approved notice to potential collective action members." *Id.* (quoting *Genesis HealthCare Corp. v. Symczyk*, 569 U.S. 66, 75 (2013)). This is, therefore, "not a true certification, but rather an exercise of a district court's discretionary authority to oversee and facilitate the notice process." *Id.* (citing *Zavala v. Wal-Mart Stores Inc.*, 691 F.3d 527, 536 (3d Cir. 2012)). At this initial stage, "district courts have broad discretion in directing notice to potential opt-in plaintiffs." *Bellan v. Cap. BlueCross*, 496 F. Supp. 3d 854, 860 (M.D. Pa. 2020) (citing *Hoffman-La-Roche Inc. v. Sperling*, 493 U.S. 165, 170 (1989)). The bar for obtaining conditional certification is not a high one; rather, plaintiff must "make a 'modest factual showing'—something beyond mere speculation—to demonstrate a factual nexus between the manner in which the employer's alleged policy affected him or her and the manner in which it affected the proposed collective action members." *Halle*, 842 F.3d at 224 (quoting *Zavala*, 691 F.3d at 536 n.4). At the conditional certification stage, the district court must determine "whether 'similarly situated' plaintiffs do in fact exist," *Zavala*, 691 F.3d at 536 n.4 (quoting *Myers v. Hertz Corp.*, 624 F.3d 537, 555 (2d Cir. 2010)), and then the ultimate determination as to whether such opt-in plaintiffs are, in fact, "similarly situated" is reserved for the final certification/decertification stage, *Halle*, 842 F.3d at 226.

Finally, as relevant here to defining the proposed collective, under the FLSA, "[t]he applicable statute of limitations is three years for a willful violation, two years otherwise." *Viscomi v. Clubhouse Diner*, No. 13-4720, 2016 WL 1255713, at *6 (E.D. Pa. Mar. 31, 2016) (citing 29 U.S.C. § 255(a)).  However, the filing of the named plaintiff's complaint and consent-to-sue does not toll the statute of limitations for any opt-in plaintiffs;  rather, the statute of limitations for an opt-in plaintiff continues to run until his or her individual opt-in notice is filed.  *See* 29 U.S.C. § 256(b);  *Viscomi*, 2016 WL 1255713, at *6 ("The statute of limitations continues to run for potential members until they affirmatively opt in." (citing *Symczyk v. Genesis HealthCare Corp.*, 656 F.3d 189, 200 (3d Cir. 2011), *rev'd on other grounds sub nom Symczyk*, 569 U.S. 66)).  A "violation of the FLSA [is] willful if, at minimum, the employer 'showed reckless disregard for the matter of whether its conduct was prohibited by the [FLSA.]'" *Stone v. Troy Constr., LLC*, 935 F.3d 141, 148 (3d Cir. 2019) (quoting *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 132– 33 (1988)).

## III.   Legal Analysis

Mr. Thurlow seeks conditional certification of a nationwide collective, consisting of "[a]ll current and former hourly, non-exempt employees who NIS paid according to its shift rate pay scheme and/or per diem pay scheme at any time from August 7, 2021 through the present," and asks the Court to authorize notice for this collective.  ECF No. 27 at 5.  As set forth below, the Court will conditionally certify a collective but will limit the timeframe to the past three years from the date of this order.  In addition, the Court will authorize notice to these individuals with certain modifications, outlined below, to Mr. Thurlow's proposed Notice and Consent forms.

### A.    The Court will Conditionally Certify an FLSA Collective Action.

In his Motion for Conditional Certification, Mr. Thurlow alleges that the putative collective is "similarly situated" under 29 U.S.C. § 216(b) because all hourly, non-exempt employees were paid according to the same shift rate pay scheme and/or per diem pay scheme.  ECF No. 27 at 5.  As support, Mr. Thurlow has included declarations from himself and another opt-in plaintiff, Christian Ingram, as well as wage statements for Mr. Thurlow.  ECF Nos. 27, Exs. 1, 2, 5.  In response, NIS argues that the proposed collective is not similarly situated because Mr. Thurlow cannot establish that hourly employees were subject to a similar pay practice that applied to employees in NIS offices outside of the Washington, Pennsylvania office.  ECF No. 32 at 7.

The Court disagrees with NIS.  At this initial stage, Mr. Thurlow need only show that the putative members were "the victims of a single decision, policy, or plan." *Fischer v. Fed. Express Corp.*, 509 F. Supp. 3d 275, 283 (E.D. Pa. 2020) (quoting *Ruehl v. Viacom, Inc.*, 500 F.3d 375, 388 (3d Cir. 2007)), *aff'd*, 42 F.4th 366 (3d Cir. 2022); *see also Zavala*, 691 F.3d at 538 ("Being similarly situated . . . . means that one is subjected to some common employer practice that, if proved, would help demonstrate a violation of the FLSA.").  A plaintiff can meet this low bar when he produces evidence that putative members "were paid in the same manner." *Fischer*, 509 F. Supp. 3d at 283.  Here, Mr. Thurlow has done so.  He relies on the uniform pay policy that NIS allegedly uses for all hourly, non-exempt employees, regardless of their location. *See, e.g.*, ECF No. 27, Exs. 1, 2.  Although certain differences may exist between these NIS employees, the uniform pay policy is sufficient at this initial stage.

Despite this uniform pay policy, NIS asserts that Mr. Thurlow has not met the required modest factual showing because he has failed to establish that NIS's pay scheme violates the FLSA.  ECF No. 32 at 5–6.  In addition, NIS argues that it has statutory defenses for some of the

hourly non-exempt employees which require individualized assessments of their job duties. *Id.* at 9. But these arguments "address the *merits* of [Mr. Thurlow's] claims, not the *commonality* of the alleged policies" and, thus, are "more properly considered at the second stage of the certification inquiry or on a motion for summary judgment." *Viscomi v. Clubhouse Diner*, No. 13-4720, 2016 WL 1255713, at *4 (E.D. Pa. Mar. 31, 2016).

Finally, the parties dispute whether there is personal jurisdiction over NIS for a nationwide collective action. Mr. Thurlow argues that the Court has general personal jurisdiction over NIS pursuant to 42 P.S. § 5301 because NIS has registered to do business in Pennsylvania. ECF No. 1 ¶ 15. While the Supreme Court has stressed that "[t]he paradigm all-purpose forums for general jurisdiction are a corporation's place of incorporation and principal place of business," *Daimler AG v. Bauman*, 571 U.S. 117, 118 (2014) (citing *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915 (2011)), "an additional avenue for personal jurisdiction exists where a defendant has consented to suit, which can occur by a defendant registering to do business in that state." *Camber Spine Techs. v. Intermed Resources TN, LLC*, No. 22-3648, 2023 WL 5182597, at *4 (E.D. Pa. Aug. 11, 2023) (citing *Mallory v. Norfolk Southern Ry.*, 600 U.S. 122 (2023)). Here, the Court finds that general personal jurisdiction exists over NIS because it is registered as a foreign corporation in Pennsylvania, and therefore has consented to general personal jurisdiction. *See* 42 Pa. Cons. Stat. § 5301(a)(2)(i) (requiring foreign corporations who register to do business in Pennsylvania to submit to the general personal jurisdiction of Pennsylvania state courts).

Accordingly, because Mr. Thurlow has made the requisite modest showing that the putative collective action is similarly situated, the Court will conditionally certify a nationwide collective and authorize notice to these workers.

**B.    The Court will Overrule in Part and Sustain in Part NIS's Objections to the Notice and Consent Forms.**

Mr. Thurlow has attached his proposed Notice and Consent forms to send to putative collective members.  ECF No. 27, Ex. 3.  NIS has made three objections to these proposed forms. ECF No. 32 at 12.  As a backdrop, it is well-established that specifics regarding the manner and implementation of notice are within the discretion of the district court.  *Sperling v. Hoffman-La-Roche Inc.*, 862 F.2d 439, 447 (3d Cir. 1988), *aff'd and remanded sub nom Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165 (1989).  Exercising this discretion, the Court will issue accompanying Notice and Consent forms to be sent to putative members consistent with the Court's reasoning below.  For the following reasons, the Court will OVERRULE IN PART and SUSTAIN IN PART NIS's objections.

First, NIS asserts that the Court should adjust the relevant time period from August 7, 2021 to three years prior to the date of the Court's order granting conditional certification due to the applicable statute of limitations.  ECF No. 32 at 12.  Because "[t]he applicable statute of limitations is three years for a willful violation, two years otherwise," *Viscomi*, 2016 WL 1255713, *6, the Court will sustain NIS's objection and limit the relevant time period to three years from the date of this Court's order.[2]  *See also* 29 U.S.C. § 256(b).

Second, NIS objects to the definition of the "per diem pay policy," stating that the Court should define this policy as those "who were paid per diems in addition to their base rate of pay when not traveling or incurring expenses and had the value of the per diem excluded from their regular rate for purposes of calculating overtime."  ECF No. 32 at 12.  This objection, however,

---

[2] At this initial stage, Mr. Thurlow may include three years back from the date of this Order.  However, the Court notes that the statute of limitations for an opt-in plaintiff in an FLSA collective action is two years from the date of opting in.  *See Tyger v. Precision Drilling Corp.*, 832 F. App'x 108, 115 n.12 (3d Cir. 2020).  If there is a finding of willfulness, then it is three years from the date of opting in.  *See id.* at 115.

relates to the conditional certification of the proposed collective definition, not to the Notice and Consent Forms.  Because the Court has already approved the definition, *see* Part III.A., it will not address this objection here.  Furthermore, NIS does not explain why the Court should add this limiting language to the collective definition.  Accordingly, the Court declines to change the definition at the conditional certification stage.

Third, NIS objects to the language in the proposed notice stating that Mr. Thurlow's counsel would pay any court-ordered costs because it constitutes undue solicitation.  ECF No. 32 at 12.  While NIS does not cite the exact language in the Notice Forms, the Court assumes that it is referring to the following language:

> If at the end of the case the Court concludes that NIS was the prevailing party, NIS may request that the Court award courts costs to them and against the Plaintiffs in this case. Plaintiffs could oppose any such request. Those court costs could include fees for transcripts and printing, witness fees, certain copying costs, docket fees and the fees of any Court-appointed experts. They could not include NIS's attorneys or expert fees. Whether any such court costs would be awarded would be determined by the Court at the appropriate time. If you retain Joshua P. Geist, Michael A. Josephson, Alyssa White, Andrew W. Dunlap, and William M. Hogg as your lawyers in this case, they have agreed that should such court costs be awarded, they and not the Plaintiffs would be responsible for paying them.

ECF No. 27, Ex. 3 at 4.  NIS has provided no argument or case law in support of its contention that this language should be stricken from the Notice or that it constitutes undue solicitation.  *See generally* ECF No. 32.  Courts have regularly approved notices that inform putative collective members that they will not be responsible for court-imposed costs, including language that is nearly identical to Mr. Thurlow's proposed language here.  *See, e.g.*, *Dunkel v. Warrior Energy Serv's, Inc.*, 304 F.R.D. 193, 207 (W.D. Pa. 2014) (Hornak, C.J.) (approving notice form with language about potential collective members' responsibility for court-imposed costs that is nearly

identical to Mr. Thurlow's proposed Notice); *Joyce v. Colter Energy Servs. USA, Inc.*, No. 22-cv-1367, 2024 WL 2794278, at *6–7 (W.D. Pa. May 31, 2024) (Cercone, J.) (same).

Accordingly, the Court will sustain NIS's first objection and modify the language in the proposed Notice to extend to the past three years from the date of this Order, but it will overrule NIS's remaining objections.

## IV.    The Court will Deny NIS's Motion to Amend.

In its Motion, NIS seeks to amend its Answer to include a new affirmative defense regarding the Court's personal jurisdiction and to clarify an existing affirmative defense regarding overtime exemptions.   ECF Nos. 28, 29.   Mr. Thurlow opposes the addition of a personal jurisdiction affirmative defense, arguing that it is futile and prejudicial.  ECF No. 31.  He does not, however, oppose the amendment to the existing overtime exemptions affirmative defense.  *Id.*

Under Fed. R. Civ. P. 15(a), leave to amend is permitted whenever "justice so requires." And "[g]enerally, Rule 15 motions should be granted."  *United States ex rel. Customs Fraud Investigations, LLC v. Victaulic Co.*, 839 F.3d 242, 249 (3d Cir. 2016).   Courts have discretion, however, to deny a motion to amend based on "undue delay, bad faith or dilatory motive on the part of the movant;  repeated failure to cure deficiencies by amendments previously allowed; prejudice to the opposing party;  and futility." *Mullin v. Balicki*, 875 F.3d 140, 149 (3d Cir. 2017).

Here, the Court finds that the proposed amendment regarding personal jurisdiction would be futile.  Specifically, NIS seeks to include the following additional affirmative defense:

> This Court lacks personal jurisdiction with respect to putative collective action members who are not based in Pennsylvania and/or whose FLSA claims do not arise out of or relate to NIS' minimum contacts with Pennsylvania.

ECF No. 29 at 5.  As noted above, *see* Part III.A, the Court has general personal jurisdiction over NIS because NIS is a Pennsylvania-registered company.   And because the Court has general

10

personal jurisdiction, it does not need to exercise specific personal jurisdiction over NIS. *Fischer*, 42 F.4th at 383. Accordingly, adding an affirmative defense related to specific personal jurisdiction and the FLSA collective action members' minimum contacts with Pennsylvania would be futile.

The Court will, however, permit NIS to amend its Answer to clarify the existing affirmative defense regarding overtime exemptions. Specifically, NIS seeks to add the following italicized language to the affirmative defense:

> Thurlow's claims and the putative class and collective members' claims are barred, in whole or in part, by the FLSA and/or PMWA overtime exemptions, *including but not limited to 29 U.S.C. § 213(b)(1) and 43 P.S. § 333.105(b)(7)*.

ECF No. 29 at 5. Because Mr. Thurlow consents to this amendment, *see* ECF No. 31 at 7, the Court will permit it. Accordingly, the Motion to Amend, ECF No. 28, will be GRANTED IN PART, such that the amendment regarding overtime exemptions will be permitted, and DENIED IN PART, such that the amendment regarding personal jurisdiction will not be permitted.

## V.    Conclusion

For the foregoing reasons, Mr. Thurlow's Motion for Conditional Certification and Court Authorized Notice, ECF No. 26, is hereby GRANTED IN PART, such that the Court has conditionally certified a collective action and authorized notice, and DENIED IN PART, such that the collective action is limited to the past three years, from the date of this Order.

IT IS FURTHER ORDERED that the following proposed collective shall be conditionally certified pursuant to 29 U.S.C. § 216(b):

> All current and former hourly, non-exempt employees who NIS paid according to its shift rate pay scheme and/or per diem pay scheme at any time in the past three years from February 6, 2022 through the present (the "Putative Collective Members").

IT IS FURTHER ORDERED that Mr. Thurlow is authorized to send the Notice and Consent forms that the Court will issue in an accompanying Order.

IT IS FURTHER ORDERED that NIS's Motion to Amend, ECF No. 28, is GRANTED IN PART, such that it may amend its existing affirmative defense regarding overtime exemptions, and DENIED IN PART, such that it is not permitted to add a new affirmative defense regarding personal jurisdiction. IT IS FURTHER ORDERED THAT NIS shall file its amended answer on or before February 7, 2025.

DATED this 6th day of February, 2025.

BY THE COURT:

/s/ Christy Criswell Wiegand
CHRISTY CRISWELL WIEGAND
United States District Judge

cc (via ECF email notification):

All Counsel of Record